Eugene J. O'Connor (EO 9925)
Timothy Semenoro (TS 6847)
FOWLER, RODRIGUEZ & CHALOS
366 Main Street
Port Washington, New York  11050
(516) 767-3600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ATLANTIC COAST YACHT SALES, INC.,

|  |  |
|---|---|
| Plaintiff, | 05 CV 9472 (UA/LAP) |
| - against - | **ANSWER TO VERIFIED COMPLAINT IN REM AND IN PERSONAM WITH CROSSCLAIMS** |

M.V. "RICKMERS GENOA", her engines, boilers, etc.,
M.V. "SUN CROSS", her engines, boilers, etc.,
RICKMERS-LINIE GmbH & CIE., KG, RICKMERS
GENOA SCHIFFAHRTSGES mbH & CIE. KG,
GENOA NAVIGATION CO. LTD., CS MARINE CO.
LTD., ESM GROUP, INC., ESM (TIANJIN) CO.,
LTD., PUDONG TRANS USA, INC., and
U.S. SHIPPING SERVICES, INC.,

                              Defendants.
----------------------------------------------------------------X

Defendants Rickmers-Linie GmbH & Cie. KG, Rickmers Genoa Schiffarhtsges.

mbH & Cie. KG, and Genoa Navigation Co. Ltd. (hereinafter, collectively "Rickmers"),

by their Attorneys, Fowler Rodriguez & Chalos, for their Answer to the Verified

Complaint in rem and in personam, allege upon information and belief as follows:

        1.      Admit the allegations contained in the First Paragraph of the Verified

Complaint.

        2.      Deny knowledge or information sufficient to form a belief as to the truth

of the allegations contained in the Second Paragraph of the Verified Complaint.

3.     Admit that Rickmers operates and/or owns the M/V RICKMERS GENOA, but except as so specifically admitted herein, deny the remaining allegations of the Third Paragraph of the Verified Complaint.

4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Fourth Paragraph of the Verified Complaint.

5.     Admit that Rickmers-Linie GmbH & Cie. KG, Rickmers Genoa Schiffarhtsges. mbH & Cie. KG, and Genoa Navigation Co. Ltd. are foreign business entities that maintain offices at Neumühlen 19, D-22763 Hamburg, Germany, but except as so specifically admitted herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the Fifth Paragraph of the Verified Complaint.

6.     No response is necessary to the Sixth through Tenth Paragraphs, inclusive, of the Verified Complaint, as they are not directed at Defendant Rickmers.

7.     Admit that a 45' DeFever Motor Yacht was to be carried pursuant to Rickmers-Linie bill of lading RCKI153SHACAM03, dated March 7, 2005, from China to Camden, New Jersey, all in consideration of certain freight and delivery charges paid or agreed to be paid, but except as so specifically admitted herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the Eleventh Paragraph of the Verified Complaint.

8.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Twelfth Paragraph of the Verified Complaint.

9.     Admit that a collision did occur between the M/V RICKMERS GENOA and the M/V SUN CROSS on or about March 8, 2005 in the Yellow Sea, but except as so

specifically admitted herein, deny each and every allegation contained in the Thirteenth Paragraph of the Verified Complaint.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Fourteenth Paragraph of the Verified Complaint.

11.     Deny each and every allegation contained in the Fifteenth Paragraph of the Verified Complaint.

12.     No response is necessary to the Sixteenth through Twenty-First Paragraphs, inclusive, of the Verified Complaint, as they are not directed at Defendant Rickmers.

## FIRST AFFIRMATIVE DEFENSE

13.     Forum and venue in this District are improper.

## SECOND AFFIRMATIVE DEFENSE

14.     This suit should be dismissed on the basis of *forum non conveniens* and/or improper forum because the subject bills of lading stipulated to a certain forum, not the Southern District of New York.

## THIRD AFFIRMATIVE DEFENSE

15.     The Complaint fails to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

16.     This Court lacks personal jurisdiction over Defendant Rickmers.

## FIFTH AFFIRMATIVE DEFENSE

17.     Plaintiff is not the real party in interest and is not entitled to maintain this action in violation of Rule 17 of the Federal Rules of Civil Procedure.

## SIXTH AFFIRMATIVE DEFENSE

18.     That the said shipment as described in Complaint is subject to all the terms, conditions and exceptions contained in certain bills of lading then and there issued, by which the shippers and consignees of said bills of lading agreed to be and are bound. If said shipment was transported on said vessel, then it was subject to the contractual terms and conditions of the aforesaid bills of lading.  Any mis-delivery, non-delivery, non-conformance, shortage, loss and/or damage to the shipment in suit, which is specifically denied, was due to causes for which Defendant Rickmers is not liable or responsible by virtue of the provision of the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 1300 *et seq.*, approved April 16, 1936, the U.S. Harter Act, the provisions of the said bills of lading, the U.S. general maritime law, applicable foreign law,  charter party, and / or fixture agreement.

## SEVENTH AFFIRMATIVE DEFENSE

19.     Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the ship in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

## EIGHTH AFFIRMATIVE DEFENSE

20.     If the goods in suit were damaged, which is denied, the damage was proximately caused by or due to insufficiency of packaging, or inadequacy of marks, for which Defendant Rickmers is not liable under COGSA, 46 U.S.C. §1304(2)(o) and (n), and by the terms of the contract of carriage.

### NINTH AFFIRMATIVE DEFENSE

21.     If the goods in suit were damaged, which is denied, the damage was proximately caused by inherent vice, defect or quality of the goods in suit, for which Defendant Rickmers is not liable under COGSA, 46 U.S.C. §1304(2)(m), and by the terms of the contract of carriage.

### TENTH AFFIRMATIVE DEFENSE

22.     Plaintiff has failed to properly and fully mitigate its alleged damages.

### ELEVENTH AFFIRMATIVE DEFENSE

23.     If the goods in suit were damaged, which is denied, the damage was proximately caused by an act or omission of the shipper or its agents or servants or owner of the goods for which the Defendant Rickmers is not liable under COGSA, 46 U.S.C. §1304(2)(i), and by the terms of the contract of carriage.

### TWELFTH AFFIRMATIVE DEFENSE

24.     The maximum liability of Defendant Rickmers, if any, is $500 per package, or per customary freight unit, as agreed to in the provisions of the bill of lading and under the provisions of COGSA, specifically 46 U.S.C. §1304(5).

### THIRTEENTH AFFIRMATIVE DEFENSE

25.     If the goods in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the Plaintiff and/or a third-party and/or thier agents.

## FOURTEENTH AFFIRMATIVE DEFENSE

26.     If the goods in suit sustained any loss or damage, which is denied, then such loss or damage resulted from a cause arising without the fault or privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable under COGSA, 46 U.S.C. §1304(2)(g).

## FIFTHTEENTH AFFIRMATIVE DEFENSE

27.     This Honorable Court lacks subject matter jurisdiction by reason of the Plaintiff's failure to join indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure, including, but not limited to the load port stevedores, the discharge port stevedores, the inland trucker and/or rail carrier, any warehousemen, etc.

## SIXTEENTH AFFIRMATIVE DEFENSE

28.     The goods which are the subject of this action are presumed to be in the same condition when delivered to the receiver / consignee as when received by the carrier because Plaintiff failed to give timely written notice of loss or damage under the agreed provisions of the bill of lading, and under the provisions of COGSA, specifically, 46 U.S.C. §1303(6).

## SEVENTEENTH AFFIRMATIVE DEFENSE

29.     If the goods in suit were lost and/or damaged, which is denied, the loss and/or damage was caused by the act, neglect, or default of the master, mariner, pilot, or servants of the carrier in the navigation or in the management of the ship, and the carrier is not liable under COGSA, 46 U.S.C. §1304(2)(a) and the terms of the contract of carriage.

## EIGHTTEENTH AFFIRMATIVE DEFENSE

30.     If the goods in suit were lost and/or damaged, which is denied, the loss and/or damage was caused by fire, and the carrier is not liable under COGSA, 46 U.S.C. §1304(2)(b), the terms of the contract of carriage, and / or the U.S. Fire Statute, 46 U.S.C. App. §182.

## FIRST CROSS-CLAIM AGAINST SUPER SUL DEFENDANTS – Strict Liability

31.     Defendants Rickmers reiterate, repeat and reallege the foregoing paragraphs numbered 1 through 30, inclusive, with the same force and effect as if fully set forth herein.

32.     Defendants ESM (Tianjin) Co., Ltd. (hereinafter "ESM Tianjin"), as manufacturer and shipper, and ESM Group, Inc. (hereinafter "ESM Group"), as related company, purchaser of cargo and intended consignee, did cause to be shipped, with the assistance of Pudong Trans USA, Inc. (hereinafter "Pudong") and US Shipping, Inc. (hereinafter "US Shipping"), a certain cargo of six hundred (600) bags containing what was identified as "Super Sul Mg 89" aboard the RICKMERS GENOA, as per Rickmers-Linie Bill of Lading numbered RCKI153XINCAM41, dated on or about March 3, 2005. Hereinafter, these Defendants ESM Tianjin, ESM Group, and United Shipping will be collectively referred to as "Super Sul Defendants."

33.     Super Sul Mg 89 is primarily composed of magnesium and prone to generate dangerous and flammable gas.

34.     The Super Sul Defendants did not provide any warning as to the inherently dangerous nature of this Super Sul Mg 89 cargo.

7

35.     The Super Sul Defendants as manufacturer/shipper and purchaser/receiver, respectively, were obligated to adequately warn and/or inform Defendants Rickmers as to the inherently dangerous nature of the Super Sul Mg 89 cargo.

36.     The Super Sul Defendants placed this cargo of Super Sul Mg 89 into the stream of commerce without providing any warning of its inherently dangerous nature.

37.     In failing to warn and/or inform Defendants Rickmers, as the carrier, of the inherently dangerous, inflammable and/or explosive nature of the cargo makes the Super Sul Defendants, as shippers and/or consignees, strictly liable for all of the damages and expenses directly or indirectly arising out of or resulting from such shipment pursuant to 46 U.S.C. § 1304 and any and all other applicable law.

38.     As a result of the Super Sul Defendants' failure to warn and/or inform Defendants Rickmers, as the carrier, of the inherently dangerous nature of the cargo and ensure that the cargo was adequately packed, the Super Sul Mg 89 did generate flammable gas resulting in an explosion, fire and damage to the M/V RICKMERS GENOA and her cargo on or about March 8, 2005.

39.     By reason of the premises, Defendants Rickmers have sustained damages as nearly as can now be estimated, no part of which has been paid, although duly demanded, in the amount of US $40,000,000.00.

## SECOND CROSS-CLAIM AGAINST SUPER SUL DEFENDANTS –
## Failure to Warn

40.     Defendants Rickmers reiterate, repeat and reallege the foregoing paragraphs numbered 1 through 39, inclusive, with the same force and effect as if fully set forth herein.

41.     The Super Sul Defendants, as manufacturer/shipper and purchaser/receiver, respectively, were aware, or should have been aware, of the inherently dangerous nature of the Super Sul Mg 89 cargo prior to delivery to Defendants Rickmers.

42.     As a result of the Super Sul Defendants' failure to warn and/or inform Defendant Rickmers of the inherently dangerous nature of the cargo, the Super Sul Mg 89 did generate flammable gas resulting in an explosion, fire and damage to the M/V RICKMERS GENOA and her cargo on or about March 8, 2005.

43.     By reason of the premises, Defendants Rickmers have sustained damages as nearly as can now be estimated, no part of which has been paid, although duly demanded, in the amount of US $40,000,000.00.

## THIRD CROSS-CLAIM AGAINST SUPER SUL DEFENDANTS – Negligence

44.     Defendants Rickmers reiterate, repeat and reallege the foregoing paragraphs numbered 1 through 43, inclusive, with the same force and effect as if fully set forth herein.

45.     The Super Sul Defendants were obligated and duty-bound, regardless of knowledge, to adequately warn and/or inform Defendants Rickmers as to the inherently

9

dangerous nature of the Super Sul Mg 89 cargo and properly package, brace and stow the cargo prior to carriage.

46.     Defendants Rickmers could not, with the exercise of reasonable care, have perceived this dangerous nature.

47.     As a result of the Super Sul Defendants' failure to warn and/or inform Defendants Rickmers of the inherently dangerous nature of the cargo, ensure that the cargo properly packaged, braced and stowed, and their own negligence, the Super Sul Mg 89 did generate flammable gas resulting in an explosion, fire and damage to the M/V RICKMERS GENOA and her cargo on or about March 8, 2005.

48.     By reason of the premises, Defendants Rickmers have sustained damages as nearly as can now be estimated, no part of which has been paid, although duly demanded, in the amount of US $40,000,000.00.

## FOURTH CROSS-CLAIM AGAINST SUPER SUL DEFENDANTS – 
### Breach of Contract

49.     Defendants Rickmers reiterate, repeat and reallege the foregoing paragraphs numbered 1 through 48, inclusive, with the same force and effect as if fully set forth herein.

50.     The subject bill of lading requires that the shipper and consignee, the Super Sul Defendants, identify and inform the carrier, Defendants Rickmers , of all goods that are or may become dangerous, inflammable or damaging; such inherently dangerous goods must be properly packed by the Super Sul Defendants to withstand the risks inherent in ocean carriage; and the Super Sul Defendants, regardless of their knowledge

of the inherently dangerous nature of the cargo, shall indemnify the Defendants Rickmers against all claims, losses, damages and expenses arising in consequence of the carriage of such goods.

51.    In breach of said bill of lading terms, the Super Sul Defendants failed to identify and inform Defendants Rickmers of the inherently dangerous cargo; failed to properly package the inherently dangerous cargo.  Furthermore, the Super Sul Defendants remain obligated to indemnify Defendant Rickmers against all of the claims, losses, damages and expenses arising in consequence of the carriage of such goods.

52.    As a result of the Super Sul Defendants' breach of the express terms of the subject bill of lading, the Super Sul Mg 90 did generate flammable gas resulting in an explosion, fire and damage to the M/V RICKMERS GENOA and her cargo on or about March 8, 2005.

53.    By reason of the premises, Defendants Rickmers have sustained damages as nearly as can now be estimated, no part of which has been paid, although duly demanded, in the amount of US $40,000,000.00.

### FIFTH CROSS-CLAIM AGAINST SUPER SUL DEFENDANTS –
#### Breach of Warranty/Negligent Misrepresentation

54.    Defendants Rickmers reiterate, repeat and reallege the foregoing paragraphs numbered 1 through 53, inclusive, with the same force and effect as if fully set forth herein.

55.    In transporting the subject cargo of Super Sul Mg 89, Defendants Rickmers relied upon certain statements (i.e. express warranties) made by the Super Sul

11

Defendants, including but not limited to the certificate identifying the commodity, chemical composition and usage of the subject cargo.

56.     Such a certificate confirming that the product was packed, labeled, placed and stuffed into its respective container is required by, among others things, Title 49 of the United States Code and the Code of Federal Regulations.

57.     The Super Sul Defendants knew or should have known that Defendants Rickmers would believe these representations in the certificate to be true and that Defendants Rickmers would act in reliance on them.

58.     During the course of the subject voyage, Defendants Rickmers did rely to its detriment on the false representations made by the Super Sul Defendants, and in breach of the express warranty, the Super Sul Mg 90 did generate flammable gas resulting in an explosion, fire and damage to the M/V RICKMERS GENOA and her cargo on or about March 8, 2005.

59.     By reason of the premises, Defendants Rickmers have sustained damages as nearly as can now be estimated, no part of which has been paid, although duly demanded, in the amount of US $40,000,000.00.

## CROSS-CLAIM AGAINST DEFENDANT ESM TIANJIN – Indemnity/Detrimental Reliance

60.     Defendants Rickmers reiterate, repeat and reallege the foregoing paragraphs numbered 1 through 59, inclusive, with the same force and effect as if fully set forth herein.

61.     On or about February 22, 2005, Defendant ESM Tianjin and its agents issued a Letter of Indemnity to Defendant Rickmers in conjunction with the transportation of the subject cargo.

62.     This Letter of Indemnity incorrectly stated in that the Super Sul Mg 89 is not a dangerous cargo and that the 600 bags shipped were packed in a seaworthy manner.

63.     Defendant ESM Tianjin knew or should have known that Defendants Rickmers would believe these representations to be true and that Defendants Rickmers would act in reliance on them.

64.     This Letter of Indemnity also provided in pertinent part that the carrier could claim against ESM Tianjin for consequential damages resulting from the shipment of said cargo.

65.     By virtue of this Letter of Indemnity, Defendants Rickmers agreed to transport the subject cargo of 600 bags of Super Sul Mg 89 and are to be indemnified by Defendant ESM Tianjin for damages resulting from the carriage of said cargo.

66.     During the course of the subject voyage, Defendants Rickmers did rely to their detriment on the false representations made by Defendant ESM Tianjin, and the Super Sul Mg 90 did generate flammable gas resulting in an explosion, fire and damage to the M/V RICKMERS GENOA and her cargo on or about March 8, 2005.

67.     By reason of the premises, Defendants Rickmers have sustained damages as nearly as can now be estimated, no part of which has been paid, although duly demanded, in the amount of US $40,000,000.00.

13

## CROSS CLAIM AGAINST M/V SUN CROSS AND HER INTERESTS –
### Wrongful Act or Omission

68.    Defendants Rickmers reiterate, repeat and reallege the foregoing paragraphs numbered 1 through 67, inclusive, with the same force and effect as if fully set forth herein.

69.    On or about March 8, 2005, there was a collision between the M/V RICKMERS GENOA and the M/V SUN CROSS off the coast of China.

70.    Defendant CS Marine is and was the owner and/or operator of the vessel M/V SUN CROSS.

71.    On or about March 8, 2005, there did occur a collision between the M/V RICKMERS and M/V SUN CROSS that was a direct result of the wrongful act(s) or omission(s), including, but no limited to, unseaworthiness, negligence, and failure of the crew, officers, charterers and/or owners, Defendant CS Marine, of the M/V SUN CROSS to observe all applicable navigation, operation and safety rules, regulations and laws.

72.    As a direct and proximate result of wrongful act(s) or omission(s) by the M/V SUN CROSS and/or here related interests, the M/V RICKMERS GENOA did suffer hull damage, an explosion, fire and related cargo damage on or about March 8, 2005.

73.    The aforesaid collision and resulting damage were not caused or contributed to by any negligence on the part of the M/V RICKMERS GENOA or her owners or operators, but were caused wholly by and due solely to the fault and neglect of the Defendants M/V SUN CROSS and CS Marine.

74.    By reason of the premises, Defendants Rickmers has sustained damages as nearly as can now be estimated, no part of which has been paid, although duly demanded, in the amount of US $40,000,000.00.

**WHEREFORE**, Defendants Rickmers prays:

A.    that judgment be entered in favor of Defendants Rickmers and against each and every Defendant for any award for damage to the Plaintiffs, herein together with the costs and disbursements of this action;

B.    that judgment be entered in favor of Defendants Rickmers and against each and every Defendant for the hull damages sustained by the RICKMERS GENOA and her cargo, as near as can be estimated in the amount of US $40,000,000.00, herein together with the costs and disbursements of this action;

C.    that all of the Defendants be directed to indemnify and/or contribute to the resulting cargo claims;

D.    that judgment be entered in favor of Defendants Rickmers for such other and further relief as this Court deems just and proper.

Dated: Port Washington, New York
   November 28, 2005

        FOWLER RODRIGUEZ & CHALOS,
        Attorneys for Defendants Rickmers

By:   _Eugene J O'Connor_

        Eugene J. O'Connor (EO 9925)
        Timothy Semenoro (TS 6847)
        366 Main Street
        Port Washington, New York 11050
        Phone: (516) 767-3600

Eugene J. O'Connor (EO 9925)
Timothy Semenoro (TS 6847)
FOWLER, RODRIGUEZ & CHALOS
366 Main Street
Port Washington, New York  11050
(516) 767-3600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
ATLANTIC COAST YACHT SALES, INC.,

                            Plaintiff,

            - against -

M.V. "RICKMERS GENOA", her engines, boilers, etc.,
M.V. "SUN CROSS", her engines, boilers, etc.,
RICKMERS-LINIE GmbH & CIE., KG, RICKMERS
GENOA SCHIFFAHRTSGES mbH & CIE. KG,
GENOA NAVIGATION CO. LTD., CS MARINE CO.
LTD., ESM GROUP, INC., ESM (TIANJIN) CO.,
LTD., PUDONG TRANS USA, INC., and
U.S. SHIPPING SERVICES, INC.,

                            Defendants.
--------------------------------------------------------------X

05 CV 9472 (UA/LAP)

**VERIFICATION FOR
ANSWER TO VERIFIED
COMPLAINT IN REM
AND IN PERSONAM
WITH CROSSCLAIMS**

            Pursuant to 28 U.S.C. § 1746, EUGENE J. O'CONNOR, Esq., declares under the

penalty of perjury:

            1.      I am a member of the law firm of Fowler, Rodriguez & Chalos, attorneys

for the Defendants Rickmers-Linie GmbH & Cie. KG, Rickmers Genoa Schiffarhtsges.

mbH & Cie KG, and Genoa Navigation Co., Ltd. (hereinafter, collectively as

"Rickmers"), herein;

            2.      I have read the foregoing answer and know the contents thereof; and

            3.      I believe the matters to be true based on documents and information

obtained from employees and representatives of the Defendants Rickmers through its

underwriters and attorneys. The reason that this verification was made by deponent and

not by the Defendants Rickmers is because these defendants are foreign business entities,

whose officers are not in this district, and whose verification cannot be obtained within

the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
        November 2ª , 2005

FOWLER, RODRIGUEZ & CHALOS
Attorneys for Defendants Rickmers

By: _____
    Eugene J. O'Connor (EO-9925)
    366 Main Street
    Port Washington, New York 11050
    Tel:  (516) 767-3600

17